## UNITED STATES DISTRICT COURT
## DISRICT OF CONNECTICUT

| | | |
|---|---|---|
| Roberto Velez, Zacharie Porcenat, Jaime Garcia, Nadine King, Debra King, James Earl Ebron, Matias Cabrera, David Pearson, Luis Alicea, and Jose Logan | : : : : : : : | CIVIL ACTION NO: 3:13-cv-00019 |
| Plaintiffs, | : : : | |
| v. | : : | |
| New Haven Bus Service, Inc., and Daniel Miley, | : : : : | January 5, 2012 |
| Defendants. | : : | |

## <u>COMPLAINT</u>

1.     This is an action brought by the plaintiffs against their former employers the defendants, New Haven Bus Service, Inc. and Daniel Miley, arising from the defendants' failure to pay the plaintiffs overtime wages for their work.  The plaintiffs allege that the defendants violated the overtime wage payment provision of the federal Fair Labor Standards Act, 29  U.S.C. §207, and the overtime wage wage payment provisions of Connecticut law, Conn.Gen.Stat. §31-58 *et seq*.  The plaintiff seeks their unpaid overtime wages, liquidated or double damages pursuant to the FLSA, double damages pursuant to Connecticut law, and their reasonable attorney's fees and costs.

2.     This Court has jurisdiction pursuant to 28 U.S.C. §1331.  With respect to the state law claims, this Court has supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the state law claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

3.      Venue is appropriate in the District of Connecticut pursuant to 28 U.S.C. §1391(b), because a substantial part of the events giving rise to this claim occurred within this judicial district.

4.      The plaintiffs, Roberto Velez, Zacharie Porcenat, Jaime Garcia, Nadine King, Debra King, James Earl Ebron, Matias Cabrera, David Pearson, Luis Alicea, and Jose Logan were and are residents of Connecticut. At all times relevant to this Complaint the plaintiffs were employees of the defendants as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(e)(1), and by Connecticut General Statutes §31-58(f) and 31-71a(2).

5.      At all times relevant to this Complaint, the plaintiffs were each an employee engaged in commerce or the production of goods for commerce, and/or they were employees in an enterprise engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §207(a)(1).

6.      Defendant New Haven Bus Service, Inc., is a company incorporated in the State of Connecticut, listing its business address with the Connecticut Secretary of State as 235 Front Avenue, New Haven, Connecticut. At all times relevant to the Complaint, the defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §203(s)(1).

7.      Defendant Daniel Miley is the president and treasurer of defendant New Haven Bus Service, Inc., and lists his residence with the Connecticut Secretary of State as 148 Sconset Lane, Guilford, Connecticut.

8.      At all relevant times, defendant Miley had and continues to have control over the employment practices of the defendant New Haven Bus Service, Inc., and is responsible for the wage and hour practices complained of herein.

9.      At all times relevant to this Complaint, the defendants were employers as that term is defined by the federal Fair Labor Standards Act, 29 U.S.C. §203(d), and by

Connecticut General Statutes §31-58(e) and 31-71a(1).

10.     Upon information and belief, during the plaintiffs' employment the defendants employed more than fifty (50) employees, including the plaintiffs, as bus drivers.

11.     During their employment by the defendants, bus drivers employed by the defendants, including each of the plaintiffs, often worked in excess of forty (40) hours in a one week period.

12.     The defendants paid each of the plaintiffs an hourly wage for each hour that they worked.

13.     The defendants failed to pay each of the plaintiffs at one and one-half times their regular hourly rate for all hours worked in excess of forty (40) hours in a one week period.

14.     The defendants falsely informed the plaintiffs that the plaintiffs were not entitled to be paid overtime premium pay when working over forty (40) hours in a one week period.

**COUNT ONE: FLSA OVERTIME WAGE VIOLATIONS**

1.     Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 14, above.

15.     The defendants' treatment of the plaintiffs, as described above, was in violation of the federal Fair Labor Standards Act, 29 U.S.C. §207.

16.     The defendants' failure to pay overtime wages as required by federal law was willful, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs and did not do so.

**COUNT TWO: CONNECTICUT OVERTIME WAGE VIOLATIONS**

1.     Plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 16, above.

17.     The defendants' treatment of the plaintiffs, as described above, was in violation of Connecticut overtime laws, including Conn.Gen.Stat. §31-68 and §31-76b through 31-76c.

18.    The defendants' failure to pay overtime wages as required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the Connecticut minimum wage and failed and refused to do so.

## COUNT THREE: CONN.GEN.STAT. §31-72 CLAIM FOR UNPAID WAGES

1.    The plaintiffs restate, re-allege and incorporate by reference paragraphs 1 through 18, above.

19.    The defendants failed to pay each of the plaintiffs all of the wages that each was owed as required by Conn.Gen.Stat. §31-71b through 31-71e.

20.    The defendants' failure to pay the plaintiffs all of the wages required by Connecticut law was willful, arbitrary, and/or in bad faith, inasmuch as the defendants were aware or reasonably should have been aware of their obligation to pay the plaintiffs consistent with the Connecticut wage payment laws and failed and refused to do so.

## PRAYER FOR RELIEF

**WHEREFORE**, the plaintiffs request that this Court:

1.    Order the defendants to pay to the plaintiffs all wages owed to each of them pursuant to 29 U.S.C. §207, and Conn.Gen.Stat. §31-68 and §31-72;

2.    Award the plaintiffs an amount equal to all overtime wages owed as liquidated damages pursuant to 29 U.S.C. §216(b);

3.    Award the plaintiffs an amount equal to all wages owed as double damages pursuant to Conn.Gen.Stat. §31-68 and §31-72;

4.    Award the plaintiffs their reasonable attorney's fees and costs pursuant to 29 U.S.C. 216(b), and/or Conn.Gen.Stat. §31-68 and §31-72;

5.    Award the plaintiffs prejudgment and post-judgment   interest.

6.    Award the plaintiffs such other legal and equitable relief that the Court deems appropriate.


RESPECTFULLY SUBMITTED
THE PLAINTIFFS, by


_____/ s /_____
Peter Goselin ct06074
The Law Office of Peter Goselin
557 Prospect Avenue, 2nd Floor
Hartford, Connecticut 06105
Tel. 860-580-9675
Fax 860-232-7818
pdgoselin@gmail.com


_____/ s /_____
Mariusz Kurzyna ct28940
The Law Office of Mariusz Kurzyna
130 West Main Street, P.O. Box 3104
New Britain, Connecticut 06050
Tel. 860-357-6070
Fax 860-606-9560
mariusz@kurzynalaw.com