UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

ROBERTO VELEZ, ET AL         :

         Plaintiffs             :           CIVIL ACTION NO.:
                              :           3:13 CV-00019 (RNC)

vs.                                 :

NEW HAVEN BUS SERVICE, INC., ET AL   :

         Defendants                    December 6th, 2013

## AFFIDAVIT OF DONALD RELIHAN

I, being duly sworn, depose and say that:

1.     I am over the age of eighteen years and believe in the obligation of an oath.

2.     I am employed by Yale University as the Director of Support Services. In that position, I was responsible for managing Yale University's contract with New Haven Bus Service, Inc. pursuant to which New Haven Bus Service, Inc. provided shuttle bus service for Yale University until the expiration of that contract.

3.     Under its contract with New Haven Bus Service, Inc. Yale University did not have the ability to hire, fire or discipline any of the plaintiffs or any individuals employed by New Haven Bus Service, Inc.  Before hiring its employees, New Haven Bus Service, Inc. ensured that the applicant had a valid Connecticut CDL license with a passenger endorsement and a valid Connecticut Public Service license.  New Haven Bus Service, Inc. also required that applicants submit to a drug screening and a driving record check.  The applicants then were required to undergo vehicle operation tests.  All of these activities were initiated and

directed by New Haven Bus Service, Inc. without any participation from Yale University. Yale University did not participate in the hiring process of New Haven Bus Service, Inc.

4. Yale University did not set, supervise or control the plaintiffs' work schedules. Yale University informed New Haven Bus Service, Inc. of the required routes for the shuttle buses. New Haven Bus Service, Inc. then assigned and dispatched its employees to drive the required routes. Yale University did not determine which drivers drove which routes on which days. Yale University also did not determine, or monitor, the number of hours worked by the plaintiffs or any individuals employed by New Haven Bus Service, Inc.

5. Yale University did not supervise or control the plaintiffs' conditions of employment. Yale University did not manage the plaintiffs or any other individuals employed by New Haven Bus Service, Inc. New Haven Bus Service, Inc. provided the training it deemed appropriate for its employees, reviewed its employees' performance as it deemed appropriate and managed its employees as it deemed appropriate without direction from Yale University. Yale University was not involved in any of these activities.

6. Yale University did not determine the rate or method of payment for the plaintiffs or any other individuals employed by New Haven Bus Service, Inc. Yale University did not pay the plaintiffs or any other individuals employed by New Haven Bus Service, Inc. for driving shuttle buses for Yale University.

7. Yale University did not maintain any employment records, personnel files, time sheets, pay stubs, or government employment forms for the plaintiffs or any other individuals employed by New Haven Bus Service, Inc.

8.    While some of the vehicles driven by New Haven Bus Service, Inc. employees for routes required by Yale University were owned by Yale University, New Haven Bus Service, Inc. also owned and supplied some of the vehicles used on routes required by Yale University.

9.    The vehicles owned by Yale University and used by the plaintiffs and other employees of New Haven Bus Service, Inc. were housed at premises owned by New Haven Bus Service, Inc. The plaintiffs and other employees of New Haven Bus Service, Inc. reported to, and began driving their Yale University shuttle bus routes from, the premises owned by New Haven Bus Service, Inc. They also delivered the buses to the premises of New Haven Bus Service, Inc. at the conclusion of their routes.

10.   The plaintiffs and other individuals employed by New Haven Bus Service, Inc. were not part of a business organization that shifted as a unit from one company to another. Yale University did not require that New Haven Bus Service, Inc. or any of the individuals employed by it, work exclusively for the University.  In fact, New Haven Bus Service, Inc. provided bus service for customers other than Yale University and assigned the drivers they deemed appropriate to both Yale University and non-Yale University routes.

11.   Yale University's primary focus is providing educational services.  While a convenience for its employees and students, providing shuttle bus service is not integral to the work of Yale University.

12.   The plaintiffs and other individuals employed by New Haven Bus Service, Inc. only drove buses on the Yale shuttle bus routes to the extent that New Haven Bus Service, Inc.

3

directed them.  After the contract with New Haven Bus Service, Inc. expired, Yale University entered into a contract with First Transit, a different vendor. When that occurred approximately two thirds of the New Haven Bus Service, Inc. employees who had driven on the Yale shuttle bus routes were hired by First Transit. Yale University did not mandate that First Transit hire those drivers and was not involved in the hiring process at First Transit.  Yale University has also not been involved in supervising, managing or disciplining the employees of First Transit who are assigned by First Transit to operate buses on the Yale shuttle bus routes.

Dated at New Haven, Connecticut this _6_ th day of December, 2013.

_____

**Donald Relihan**

4

STATE OF CONNECTICUT          )
                             ) ss. New Haven
COUNTY OF NEW HAVEN           )


Subscribed and sworn to before me this _6_ th day of December, 2013.


_____
Notary Public

RICHARD PEARLBERG
NOTARY PUBLIC
MY COMMISSION EXPIRES MARCH 31, 2015


## **CERTIFICATION**

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.


_____/s/_____
Patrick M. Noonan


5